**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-5144**

_____

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

        v.

RYAN LAMAR HOLLAND,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Chief District Judge.  (1:10-cr-00445-JAB-1)

_____

Submitted:  July 19, 2012            Decided:  July 23, 2012

_____

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Milton Bays Shoaf, ADDISON & SHOAF, Salisbury, North Carolina, for Appellant.   Graham Tod Green, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ryan Lamar Holland pled guilty to conspiracy to distribute cocaine base. The district court sentenced him to 292 months' imprisonment. Holland's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning whether application of the Fair Sentencing Act would result in a lesser sentence and whether the court adequately considered mitigating circumstances. Finding no reversible error, we affirm.

We review a sentence imposed by a district court for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). Such review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. at 41; see United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

The district court appropriately determined the amount of drugs attributed to Holland based on his admissions to receiving certain quantities of cocaine base between 2007 and 2008, and, between 2008 and 2010, acquiring quantities of cocaine hydrochloride and cooking the cocaine hydrochloride into cocaine base. Based on the district court's determination that 11.8 kilograms of cocaine base were attributable to Holland, the

2

Fair Sentencing Act would not result in a lesser Guidelines range.

The district court followed the necessary procedural steps in sentencing Holland, appropriately treated the sentencing Guidelines as advisory, properly calculated and considered the applicable Guidelines range, and weighed the relevant 18 U.S.C. § 3553(a) (2006) factors, including considering Holland's age, his criminal history, the fact that he has young children, and the need to protect the public, provide deterrence and provide punishment. We examine the substantive reasonableness of a sentence under the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). This court accords a sentence within a properly calculated Guidelines range an appellate presumption of reasonableness. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). Such a presumption is rebutted only by showing "that the sentence is unreasonable when measured against the [§ 3553(a)] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). We conclude that the district court's consideration of the § 3553(a) factors and imposition of the 292-month sentence was reasonable and not an abuse of discretion. See Gall, 552 U.S. at 41; United States v. Allen, 491 F.3d 178, 193

3

(4th Cir. 2007) (applying appellate presumption of reasonableness to within-Guidelines sentence).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Holland, in writing, of the right to petition the Supreme Court of the United States for further review. If Holland requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Holland. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED